NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtor

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Dwayne Lee Elliott**<br><br>**Debtor** | **Case No. 25-41249-mxm13**<br><br>**Chapter 13** |

## DEBTOR'S RESPONSE TO TRUSTEE'S NOTICE OF INTENT TO CERTIFY CASE FOR DISMISSAL

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Dwayne Lee Elliott ("Debtor") timely files this response in opposition to the Trustee's Notice of Intent to Certify Case for Dismissal (the "Notice") [ECF No. 46] and respectfully shows:

1. The Debtor acknowledges that, as stated in the Notice, the delinquency totals $3,580.00, the equivalent of two monthly plan payments of $1,790.00, including the payment for November 2026.

2. The Debtor has paid a total of $24,545.00 into the plan. Beginning in April 2026, the Debtor's monthly plan payment increased from $1,255.00 to $1,790.00, an increase of $535.00 per month. The Debtor continued making payments after the increase, including full payments of $1,790.00 in September and October 2026, but has been unable to fully catch up on the shortfall that built up after the increase.

3. Although the Debtor's income has increased since the plan was confirmed, his living expenses have also increased, which strained his ability to absorb the higher plan payment and cure the delinquency at the same time.

4. The Debtor has advised counsel that he is unable to afford the increased monthly plan payment of $1,790.00. In the interim, the Debtor is able to continue making payments of at least $1,255.00 per month to the Trustee while his updated income and expenses are reviewed and a modified plan payment is determined.

5. To resolve the delinquency, the Debtor intends to file a motion to modify his confirmed plan under 11 U.S.C. § 1329, together with amended Schedules I and J, within 21 days. Counsel has requested the Debtor's recent pay stubs and bank statements to prepare the amended schedules. The proposed modification will address the current delinquency and set a feasible plan payment based on the Debtor's updated income and expenses.

6. The Debtor wishes to remain in Chapter 13. His confirmed plan pays his 2021 Ram 1500 in full, his child support arrearage, and a priority claim of the Internal Revenue Service. Dismissal would leave these obligations unresolved and expose the Debtor to renewed collection activity, while the Debtor's creditors would be better served by allowing the Debtor to complete his plan.

7. Based on these circumstances and the Debtor's good-faith efforts, the Debtor respectfully requests that the Trustee refrain from certifying the case for dismissal and allow the Debtor the opportunity to modify his plan.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court deny dismissal or, alternatively, continue the hearing to allow the Debtor to file a motion to modify his plan, and grant the Debtor such other and further relief to which he may be justly entitled.

Dated: November 24, 2026

Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, a true and correct copy of the foregoing document was served on all parties receiving notice electronically in this case via the Court's CM/ECF system, including the Chapter 13 Trustee and the United States Trustee.

/s/ Clayton L. Everett
Clayton L. Everett